Honorable Thomas O. Rice

Heather C. Yakely, WSBA #28848
818 West Riverside Ave, Suite 250
Spokane, Washington 99201-0506
Telephone:  (509) 455-5200
hyakely@ecl-law.com

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

BRIAN KNIFFEN,

                         Plaintiffs,

vs.

EAST WENATCHEE WATER
DISTRICT,

                         Defendants.

Case No.: 2:23-cv-00344 TOR

DEFENDANT'S TRIAL BRIEF

## I.    NATURE OF THE CASE

This is an employment discrimination and reasonable accommodation case brought by Plaintiff, Brian Kniffen ("Plaintiff") against his employer of twenty-seven years, East Wenatchee Water District ("EWWD").

The case was filed on November 28, 2023, and a summary judgment order was entered on June 27, 2025.  The remaining claims are a failure to provide reasonable accommodation under Federal and Washington law and disability discrimination.  At summary judgment, the Court found that the job required Plaintiff to be able to lift up to 50 pounds and was prohibited from twisting

DEFENDANT'S TRIAL BRIEF - page 1



**EVANS, CRAVEN
& LACKIE, P.S.**
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

therefore there was a question of fact as to whether or not Plaintiff could do the job with or without reasonable accommodation. At summary judgment the Court also dismissed all allegations of a failure to accommodate except for two; whether a truck mounted valve exerciser was a reasonable accommodation and whether it was a reasonable accommodation for EWWD to have informed Plaintiff about a position that opened up the day after he was terminated. Finally, the Court found that a question of fact remained as to whether or not Plaintiff was subjected to disparate treatment because he was terminated as a result of his disability. Defendants deny all the allegations.

The case is set for trial in front the Honorable Thomas O. Rice for July 21, 2025.

## II.    FACTUAL BACKGROUND

Plaintiff Brian Kniffen ("Plaintiff") was an employee with East Wenatchee Water District ("EWWD" or "Defendant") for nearly 30 years. From 2014 until his separation from employment with EWWD in November 2021, Plaintiff served as a utility field inspector.

The job description for a Utility Field Inspector states that the job requires the employee holding that job to "regularly and frequently stand, walk, bend and twist," and occasionally lift up to 75 pounds. The job also requires the employee to "work outdoors for extended periods of time under unfavorable conditions," and generally to work in the field at construction sites. The job required the employee to open and close water valves.

On May 22, 2019, Plaintiff suffered an on-the-job injury affecting his low back. He was twisting a gate valve "with a large key when the key blew out as he

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

1  was twisting downward, and he injured his back." Following that injury, Plaintiff
2  was on modified duty with lifting, squatting, and crawling restrictions.

3      On August 19, 2019, Plaintiff underwent a left L3 extraforaminal
4  discectomy to treat the aforementioned injury.

5      While recovering from his low back injury and subsequent surgery,
6  Plaintiff worked light duty and was accommodated by EWWD.  Accommodation
7  was made by having another EWWD employee assist Plaintiff in tasks Plaintiff
8  could not complete due to his restrictions.

9      On June 30, 2020, Plaintiff re-injured his back while turning a valve and
10  experienced diffuse low back pain. He re-opened his original (May 22, 2019)
11  worker's compensation claim.

12      Subsequent to Plaintiff's second back injury, he underwent an MRI that
13  showed some degenerative disc changes, including a small bulge at L5-S1. He
14  thereafter underwent an epidural steroid injection to the S1 region on May 12,
15  2021.

16      The epidural steroid injection apparently did not offer relief, and on May
17  21, 2021, PA-C David Hyde placed restrictions on Plaintiff. The restrictions
18  limited Plaintiff to lifting no more than 50 pounds and was prohibited from
19  engaging in twisting with torque. PA-C Hyde indicated that the restrictions were
20  permanent.  PA-C Hyde was Plaintiff's treating provider.

21      An Independent Medical Exam was performed on Plaintiff and a
22  corresponding report was issued on August 23, 2021. The report indicated that
23  the June 2020 injury was not related to the 2019 low back injury, and that no
24  restrictions were required for the June 2020 injury.

25      However, on September 23, 2021, PA-C Hyde again indicated that
26  Plaintiff was permanently restricted from lifting more than 50 pounds and from

27

DEFENDANT'S TRIAL BRIEF - page 3

EVANS, CRAVEN
& LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

opening or closing gate or butterfly valves without the use of an assistive device. L&I deferred to PA-C Hyde's opinion – which was that restrictions were necessary – and his restrictions were reimposed. EWWD does not dispute PA-C Hyde's opinions.

In his deposition, PA-C Hyde testified that Plaintiff's restrictions were considered permanent because surgery was not being considered. After his employment with EWWD ended, Plaintiff elected to have surgery.

During the time that Plaintiff had restrictions imposed on him until his separation from employment, EWWD accommodated him. He was provided with a helper (another EWWD employee) to assist with tasks that his restrictions prevented him from completing (twisting to open/close valves, lifting more than 50 pounds). EWWD had previously accommodated Plaintiff with a helper when Plaintiff was on light duty and considered the measure to be temporary.

Plaintiff was responsible for calling an employee when he needed assistance. Alex Scott was typically the EWWD employee who would assist Plaintiff after no other employees volunteered to serve as Plaintiff's helper. Mr. Scott testified that during the "busy season" that ran from March through November, he helped Plaintiff "almost every day."

During the relevant time period when Plaintiff had restrictions from PA-C Hyde, EWWD considered purchasing a truck-mounted valve exerciser to accommodate him. A valve exerciser is a hydraulic- or gas-powered piece of equipment that may be hand-held, mounted to a trailer, or mounted to the side of a pickup truck. PA-C Hyde had recommended that Plaintiff use a truck-mounted valve exerciser. PA-C Hyde made the recommendation based on conversations with Plaintiff; he has no personal experience or knowledge of how or what a valve exerciser does.

DEFENDANT'S TRIAL BRIEF - page 4

The truck-mounted valve exerciser EWWD explored purchasing is produced by E.H. Wachs. The ERV-750 model, which was examined as a potential accommodation to Plaintiff, takes up half of the bed of a pickup. The truck-mounted valve exerciser, mounting equipment, and dedicated truck to mount the equipment on, was estimated to cost more than $80,000.

In addition to the cost, EWWD came to realize that the truck-mounted (or trailer-mounted) valve exerciser had limitations that would make it ineffective for Plaintiff's use in the field. Plaintiff's job required him to oversee work done by contractors at construction sites, and many of the valves at these sites could not be accessed by a truck. Given the cost of the truck-mounted valve exerciser, its limitations in accessing construction sites, and the unused availability of one already owned by EWWD, it considered the purchase to be unreasonable and did not acquire the equipment.

These conclusions were based in large part on the fact that the General Manager, Vince Johnston, had been the Utility Field Inspector previously and was familiar with the type of construction sites both in that role and as the director that the utility inspector would be required to access.

Further, at all times Plaintiff had restrictions in place, EWWD possessed a hand-held valve exerciser that Plaintiff could have used without exceeding his imposed weight restrictions. The exerciser weighs 39 pounds. EWWD is not aware of Plaintiff ever electing to use this equipment.

EWWD also determined that offering Plaintiff an on-the-job helper on a permanent basis was untenable and unreasonable. Whenever a helper was called to Plaintiff's job site, the helper was pulled away from his crew. The utility field inspector job is done by one person, but other EWWD crews typically work in pairs. When a helper was called out to assist Plaintiff, the work that the helper's

DEFENDANT'S TRIAL BRIEF - page 5

**EVANS, CRAVEN & LACKIE, P.S.**
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

crew was working on had to be paused.

EWWD ultimately found that it could not reasonably accommodate Plaintiff's permanent restrictions because it would have needed to designate and pay a second employee to essentially serve as Plaintiff's assistant so that Plaintiff could complete the job duties of a utility field inspector.

Plaintiff's employment with EWWD was terminated on November 8, 2021, because he could not perform the duties of the job with or without reasonable accommodation.

The day after Plaintiff was terminated, EWWD posted a job for a pump technician. Plaintiff was not eligible for the position, as it was a union position and Plaintiff was not a member of the union. The position was filled by a union member. Prior to being the inspector, Plaintiff was a union member and was aware of the CBA.

Plaintiff testified that he is not aware of accommodation given to any other EWWD employee.

## III.   LEGAL ISSUES

### A. EWWD Worked to Accommodate Plaintiff, but no Reasonable Accommodation was Available

This Court ruled on summary judgment that Plaintiff was unable to perform the essential functions of his position without reasonable accommodation and therefore the question is whether he could perform it with reasonable accommodation, therefore making him a qualified individual. ECF No. 74, p. 14.

In order to establish a failure-to-accommodate claim under the ADA, the plaintiff must establish that 1) he is a qualified individual with a disability, 2) he requested accommodation, 3) the employer knew of the requested



**EVANS, CRAVEN & LACKIE, P.S.**
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

accommodation, and 4) the employer failed to reasonably accommodate the disability. *Sanders v. Arneson,* 91 F.3d 1351, 1353 (9th Cir. 1996). Under the ADA, discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A); *Poe v. Waste Connections US, Inc.*, 371 F.Supp.3d 901, 909 (W.D. Wash. 2019)(internal citations omitted).

"An employee claiming his or her employer failed to accommodate a disability must prove that (1) the employee suffered from a disability, (2) the employee was qualified to do the job at issue, (3) the employee gave his or her employer notice of the disability, and (4) the employer failed to reasonably accommodate that disability." *Mackey v. Home Depot USA, Inc.*, 12 Wn. App. 2d 557, 586, 459 P.3d 371, 388-89 (2020).

"Under both the ADA and the WLAD, the duty to accommodate a disabled employee is limited to taking steps that are reasonably necessary to enable an employee to perform his or her job; the employer is not required to excuse the employee from performing essential job functions or create a job for the employee." *Atkinson v. UPS*, No. 22646-4-II, 1999 Wash. App. LEXIS 1310, at *16 (Ct. App. July 16, 1999). "The duty of accommodation includes evaluation of potential positions in relation to the employee's disability. The employer must determine whether open positions could accommodate the employee's disability and inform the employee." *MacSuga v. Spokane Cty.*, 97 Wn. App. 435, 444, 983 P.2d 1167, 1171 (1999) (internal citation omitted).

> The law against discrimination prohibits discharging a person merely because she is handicapped. But, if the

EVANS, CRAVEN
& LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

handicap prevents the employee from performing the essential functions of the job, it is not discrimination to replace her. If an opening exists within the employer's business for which the handicapped employee is qualified, RCW 49.60.180 requires that the employer take affirmative steps to help the employee fill the position. But an employer has no duty to create a job for a handicapped employee or to hire her in preference to a more qualified employee. And it is not discrimination to deny a job to a handicapped person who is unqualified.

*Id*. (internal citations omitted).

The Court found that there were remaining questions of fact on two (possible) accommodations. First, whether or not a truck mounted valve operator was reasonable. (ECF No. 74, p. 19-20). Second, whether there was a failure to accommodate because EWWD failed to assign Plaintiff to a new position. (ECF. No. 74, p. 22-23) These were found as questions of fact in part because the parties are required to engage in an interactive process.  The failure to engage in the interactive process is not an independent cause of action but is relevant whether a reasonable accommodation existed that was not provided.  *Kramer v. Tosco Corp.*, 233 Fed.Appx. 593, 596 (9th Cir. 2007)

Here, the evidence will establish that Plaintiff requested accommodation for a permanent back condition.  It will also establish that Plaintiff sought permanent accommodation in the form of a truck mounted hydraulic valve turner.  The evidence will establish that Plaintiff's medical provider, Mr. Hyde, did not provide any alternatives to a truck mounted valve turner, but rather relied exclusively on what Plaintiff stated was necessary.

In the interim, while providing a "helper" as a temporary accommodation, EWWD explored the purchase of equipment to accommodate Plaintiff. The equipment considered – a truck-mounted valve exerciser was not a reasonable

DEFENDANT'S TRIAL BRIEF - page 8

**EVANS, CRAVEN & LACKIE, P.S.**
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

accommodation. The valve exerciser was 1) duplicative of equipment (a hand-held exerciser) that EWWD already owned, 2) expensive, and critically, 3) would not assist Plaintiff in the areas that he worked that were inaccessible to a truck.

The second potential failure to accommodate is based on Plaintiff's argument of assignment to a new position. An employer must consider positions that are available contemporaneously as well as those that may become available within a reasonable period of time. *Dark v. Curry County*, 451 F.3d 1078, 1089-90 (9th Cir. 2006) This must also be discussed between the employer and the employee. *Goodman v. Boeing Co.*, 127 Wash.2d 401, 408-09 (1995).

The evidence will establish that this was a union position and that as a result of the CBA Plaintiff was not qualified for the position and he made no effort to become qualified for the position.

## B. Plaintiff's Disparate Treatment Claims Fail as a Matter of Law

Under the ADA and WLAD, it is unlawful "To discharge or bar any person from employment because of . . . the presence of any sensory, mental, or physical disability." RCW § 49.60.180(2). An employee alleging disparate treatment under WLAD has the burden of showing a prima facie case. *Callahan v. Walla Walla Hous. Auth.*, 126 Wn. App. 812, 819, 110 P.3d 782, 786 (2005). A plaintiff must establish that "(1) he belongs to a protected class, (2) he was treated less favorably in the terms or conditions of his employment (3) than a similarly situated, nonprotected employee, and (4) he and the nonprotected 'comparator' were doing substantially the same work." *Johnson v. Dep't of Soc. & Health Servs.*, 80 Wn. App. 212, 227, 907 P.2d 1223, 1231-32 (1996). A plaintiff's failure to show his treatment differed from a similarly situated employee is fatal to his claim. *Yandl v. Highline Pub. Sch. Dist. 401*, No. 80901-

EVANS, CRAVEN
& LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

6-I, 2021 Wash. App. LEXIS 191, at *9 (Ct. App. Feb. 1, 2021).

If the Plaintiff makes a prima facie showing, the burden then shifts to the EWWD to show that there was a legitimate, nondiscriminatory reason for the action. *Johnson*, 80 Wn. App. at 212. Upon that showing, the burden shifts back to the plaintiff to show that the aforementioned reason is pretextual. *Id*.

Similarly, under the ADA, a plaintiff must show that he "(1) has a disability within the meaning of the ADA; (2) he was qualified for the position; and (3) suffered an adverse employment action because of his disability." *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001); *see also* 42 U.S.C. § 12102 (the ADA defining "disability" as "a physical or mental impairment that substantially limits one or more major life activities" of the individual).

The *McDonnell Douglas* framework is used to establish a prima facie case by showing (1) he was a member of a protected class; (2) that he was qualified for the position, (3) he was subject to an adverse employment action and (4) he was replaced or treated less favorably than a person outside of his protected class. *McDonnell Douglas Corp. v. Green* 411 U.S. 792, 802 (1973).

If the Plaintiff makes this case, then the burden shifts to EWWD to show a legitimate non-discriminatory reason for the adverse action. On Summary Judgment the Court ruled that if Plaintiff could not have been reasonably accommodated then he was not qualified for the job and Defendant does not have to set forth a legitimate non-discriminatory reason for the termination (that it could not accommodate his disability). *Poe*, 371 F.Supp. 3d at 312.

The evidence will establish that Plaintiff's employment ended with EWWD because EWWD could not reasonably accommodate him. There was no option reasonably available to EWWD that would resolve Plaintiff's restriction

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

related to twisting with torque or lifting more than 50 pounds. A valve exerciser, as explained above, would not work in the areas Plaintiff worked. It was also expensive and duplicative of EWWD's existing equipment. The court has ruled that a "helper" was not a reasonable accommodation. The position with the union was not available to Plaintiff and he was well aware of the position. An inability to reasonably accommodate Plaintiff is a legitimate nondiscriminatory reason for his termination.

Plaintiff must then establish that the reasons for termination were pretextual. The evidence will establish that Plaintiff cannot do so; Plaintiff had used worker's compensation claims for a number of years without any adverse action. It will establish that EWWD considered the reasonable accommodation for Plaintiff of a truck mounted valve turner and determined that it was not reasonable given all the circumstances. The evidence will also establish that the job that Plaintiff believes he should have been "offered" was available for him to sign up for it; the sign was openly posted and visible. The Plaintiff never asked any questions about the position and even at the time of his termination did not express any interest in the position, despite the fact that it had been previously posted and it was known by the employees that the position would be opening. Finally, it was a union position, and the evidence will establish that Plaintiff never inquired with the Union about the position or of joining the union. The evidence will also establish that Plaintiff was a former union member, and the hiring process for union members was well-known to him.

## IV. WITNESS/EXHIBITS/JURY INSTRUCTIONS/MOTIONS IN LIMINE AND VOIR DIRE

Under the Court's Scheduling Order the parties filed separate witness lists, exhibits, jury instructions, motions in limine, and voir dire. Defendants lists and

DEFENDANT'S TRIAL BRIEF - page 11



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

objections can be found at the following ECF:

| Witness List | ECF No. 52 |
|---|---|
| Exhibit List | ECF No. 53 |
| Motions in Limine | ECF No. 56-57 |
| Response ISO Motions in Limine | ECF No. 69 |
| Proposed Voir Dire | ECF No. 76 |
| Defendant's Jury Instructions | ECF No. 79 |

## V.    CONCLUSION

For the reasons set forth above, Defendant East Wenatchee Water District will seek a complete dismissal of the remaining claims brought against it through motions at the time of trial and will ask a jury for a complete defense verdict, to the extent any claims are permitted to reach the jury.

DATED this 30th day of June, 2025.


EVANS, CRAVEN & LACKIE, P.S.


   /s/Heather C. Yakely
Heather C. Yakely, WSBA #28848
818 West Riverside Ave, Suite 250
Spokane, Washington 99201-0506
Telephone:  (509) 455-5200
hyakely@ecl-law.com
Attorney for Defendant

DEFENDANT'S TRIAL BRIEF - page 12

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| *Counsel for Plaintiffs* | Regular mail, postage prepaid | ☐ |
|---|---|---|
| Beth B. Bloom, | | |
| Jay C. Free | Personal delivery | ☐ |
| 3827-C South Edmonda St. | Email per electronic service agreement | ☒ |
| Seattle, WA 98118 | | |
| Email:  bbloom@bloomlawpllc.com | Other: | ☐ |
| Email:  jfree@bloomlawpllc.com | | |
| Email:  mashcraft@bloompllc.com | | |
| *Counsel for Plaintiffs* | Regular mail, postage prepaid | ☐ |
| Matt J. O'Laughlin | | |
| Amy K. Maloney | Personal delivery | ☐ |
| 200 W. Mercer St., Suite 506 | Email per electronic service agreement | ☒ |
| Seattle, WA 98119 | | |
| Email:  matt@pacwestjustice.com | Other: | ☐ |
| Email:  amy@pacwestjustive.com | | |
| Email:  admin@pacwestjustice.com | | |

_/s/Heather C. Yakely_____
Heather C. Yakely

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632