FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

## Jul 09, 2025

SEAN F. McAVOY, CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN KNIFFEN,<br><br>                              Plaintiff,<br><br>    v.<br><br>EAST WENATCHEE WATER DISTRICT,<br><br>                              Defendant. | NO. 2:23-CV-0344-TOR<br><br>ORDER RE: MOTIONS *IN LIMINE* & OBJECTIONS |

BEFORE THE COURT are Plaintiff's Motions *in Limine* (ECF No. 55), Defendant's Motions *in Limine* (ECF No. 56), the parties' Stipulated Motion for Leave to File Excess Pages (ECF No. 58), Defendant's Objections to Plaintiff's Witness and Exhibit List (ECF Nos. 59 and 86), Defendant's Objections to Plaintiff's Deposition Designations (ECF No. 64), Plaintiff's Motion Regarding Trial Procedure (ECF No. 65), and Plaintiff's Objections to Defendant's Cross Deposition Designations (ECF No. 66). Oral argument was held on July 9, 2025. The Court has reviewed the record and files herein, considered the parties' oral

ORDER RE: MOTIONS *IN LIMINE* & OBJECTIONS ~ 1

arguments, and is fully informed.  For the reasons discussed below, the parties'

motions and objections are **GRANTED IN PART, DENIED IN PART, and**

**RESERVED IN PART**.

## BACKGROUND

This matter is currently set for a jury trial to take place on July 21, 2025, in

Spokane Courtroom 902.  Currently before the Court are Plaintiff's Motions *in*

*Limine* (ECF No. 55), Defendant's Motions *in Limine* (ECF No. 56), Defendant's

Objections to Plaintiff's Witness and Exhibit List (ECF Nos. 59 and 86),

Defendant's Objections to Plaintiff's Deposition Designation (ECF No. 64),

Plaintiff's Objections to Defendant's Cross Designations (ECF No. 66), and

Plaintiff's Motion Regarding Trial Procedure (ECF No. 65).

The parties have stipulated to filing an additional five pages with their

respective Motions *in Limine*.  ECF No. 58.  For good cause shown, and pursuant

to the parties' agreement, ECF No. 58 is GRANTED.

## DISCUSSION

The parties each present motions *in limine*, some of which overlap with their

objections.  "A motion *in limine* is a procedural mechanism to limit in advance

testimony or evidence in a particular area."  *United States v. Heller*, 551 F.3d 1108,

1111 (9th Cir. 2009).  *In limine* rulings are "subject to change when the case

unfolds . . . even if nothing unexpected happens at trial."  *Luce v. United States*,

469 U.S. 38, 41-42 (1982); *see also McSherry v. City of Long Beach*, 423 F.3d 1015, 1022 (9th Cir. 2005) ("[T]he district court's preliminary evidentiary rulings are not final decisions reviewable under 28 U.S.C. § 1291."). The Court considers each in turn.

**A. Plaintiff's Motions *in Limine* (ECF No. 55).**

1. Exclude Evidence of Alleged Performance Problems or Misconduct as Not Offered as a Basis for Termination.

Plaintiff argues that evidence of his work performance should be excluded as the basis for his termination. ECF No. 55 at 3. Defendant has no objection. ECF No. 69 at 1. As such, this motion is **GRANTED**.

2. Exclude Reference to Plaintiff's Prior Workplace Injuries from 1997–2017 as Irrelevant and Unfairly Prejudicial.

Plaintiff requests that no reference be made to his workplace injuries prior to 2018 as unduly prejudicial. ECF No. 55 at 4. This motion is **GRANTED** with respect to the Court's ruling in its Order Granting Partial Summary Judgment. ECF No. 74 at 8–11. However, in the interest of fairness, the Court agrees that if Plaintiff raises the issue of L&I claims outside of the relevant timeframe, Defendant shall be permitted to respond accordingly. ECF No. 69 a 2.

3. Exclude Reference to the Time a Helper Spent Assisting Plaintiff with Valve-Turning as Irrelevant, Prejudicial, and Speculative.

1    Plaintiff next argues that the Court should exclude the time a helper spent

2    assisting him as the basis for Defendant's decision to terminate him.  ECF No. 55

3    at 5–6.  To the extent that this information is still relevant in light of the Court's

4    ruling on the Motion for Summary Judgment (ECF No. 74 at 16–17), it may be

5    probative in laying a foundation for Plaintiff's work experience with Defendant.

6    However, the Court also recognizes a prolong discussion of time spent, especially

7    in the context of accommodation, may become confusing for the jury.  As such, the

8    Court **RESERVES** ruling on this motion until the benefit of trial.  Parties are

9    instructed to keep discussion of a helper to a *minimum*, and only for the purposes

10    of background should it be necessary.

11    4.    Prevent Defendant from Citing Plaintiff's Union Status as a Justification

12         for Denying Him the Vacant Position.

13    Plaintiff argues that his lack of union status at the time of termination is

14    irrelevant and prejudicial under Federal Rules of Evidence 401 and 403.  Based on

15    the Court's Summary Judgment Order (ECF No. 74 at 23–24), this request is

16    **DENIED.**  The entire dispute surrounding reassignment as a theory of reasonable

17    accommodation centers on whether Defendant behaved reasonably in not

18    discussing the Pump Technician and Safety Officer position with Plaintiff given

19    the fact that it was meant for union employees for consideration first.  Thus, the

20    fact that Plaintiff was not a union member is far more probative than prejudicial in

this case.  Fed. R. Evid. Rule 403

5. <u>Exclude Hearsay from Unnamed Union Representative to Vince Johnston.</u>

Regarding the open Pump Technician and Safety Officer position, Plaintiff requests the Court exclude testimony based on Vince Johnston's statement during his deposition:

> I called the union rep asking for his information and any correspondence he had if Brian had asked him directly if he could join the union or inquired about the job. There's no written record, no email, no correspondence, of Brian approaching the union about joining the union.

ECF No. 55 at 6.

Plaintiff argues this passage is hearsay as an out of court statement offered to prove the truth of the matter asserted.  Fed. R. Evid. Rule 801.  Defendant argues that under Federal Rule of Civil Procedure 30(b)(6), an individual tasked with giving a deposition on behalf of an entity is required to give testimony on information known or reasonably available to the organization.  ECF No. 69 at 4. Because this is an out of court statement offered to show that Plaintiff was not in a union, and did not seek union membership around his termination, the actual passage is excluded, and this motion is **GRANTED in part and DENIED in part.** The Court agrees that Mr. Johnston's statement "I called the union rep asking for his information and any correspondence he had if Brian had asked him directly if

he could join the union or inquired about the job," is double hearsay and inadmissible absent some exception that Defendant has not produced.  However, the sentiment that no written record exists demonstrating Plaintiff's joining or attempting to join a union is squarely in the purview of a Rule 30(b)(6) deponent as a representative of the entity, and the Court will not exclude a discussion of whether Defendant as an entity knew that Plaintiff was not a union member at the time of his termination.

6. Exclude Privileged Executive-Session Testimony Improperly Invoked as Sword and Shield.

Plaintiff requests the Court exclude testimony at trial regarding executive-session discussions as it was previously shielded under attorney-client and executive privilege.  ECF No. 55 at 8.  As Defendant does not object, this motion is **GRANTED**.

7. Exclude Bryan Janes' Resignation Letter for Failure to Produce in Discovery.

Plaintiff requests that Defendant be prohibited from producing Bryan Janes' resignation letter at trial, as it was not produced when requested during Defendant's Federal Rule of Civil Procedure 30(b)(6) deposition and has not been supplemented since.  ECF No. 55 at 9.  Defendant objects only with respect to the characterization of the request for the document, arguing that the document never

appeared on an interrogatory or request for production.  ECF No. 69 at 4.

However, it states that it does not object to the substance of the motion *in limine* as

the resignation letter does not appear on its exhibit list because it was never able to

locate it.  *Id*. at 5.  As it currently stands, this motion is **GRANTED**.  Should

Defendant locate the resignation letter and seek to amend its exhibit list, the Court

will take up such argument outside the presence of the jury.

8. Bar Reference to Plaintiff's Potential Use of Award Proceeds.

Plaintiff seeks to exclude reference to what he will potentially do with the

claims he may be awarded in this case.  ECF No. 55 at 10.  As Defendant does not

object, this motion is **GRANTED**.

9. Exclude All Non-Party Witnesses Until After They Testify.

Both parties agree, pursuant to Federal Rule of Evidence 615, non-party

witnesses should be excluded from the courtroom until after they provide

testimony.  ECF No. 55 at 10.  As such, this motion is **GRANTED**.

10. Permit Use of Vince Johnston's Deposition for Any Purpose at Trial.

Plaintiff seeks to use both Vince Johnston's personal deposition and his

deposition as Defendants Rule 30(b)(6) representative for any purpose outlined

under Federal Rule of Civil Procedure 32(a)(2)–(3) or as party opponent under

Federal Rule of Evidence 801(d)(2)(D).  ECF No. 55 at 10.  Defendant has no

objection, provided "Plaintiff stays within the confines of the rules as cited."  ECF

No. 69 at 5.  As such, this motion is **GRANTED**.

11. Permit Use of Anna Colin's Deposition as a Party-Opponent Statement.

Plaintiff seeks to utilize the deposition of Anna Colin, Defendant's Finance Manager, for any purpose under Federal Rule of Civil Procedure 32(a)(2) and as non-hearsay under Federal Rule of Evidence 801(d)(2)(D).  Defendant argues that she was not designated to speak on its behalf.  ECF No. 69 at 5.

Federal Rule of Civil Procedure 32(a)(2) states that "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)."  Plaintiff argues that Ms. Colin qualifies as a "managing agent," given her control over Defendant's finances and her ability to speak to the interactive process.  ECF No. 77 at 7.  When deciding whether an employee is a "managing agent," courts typically consider factors such as whether the employee "(1) has the authority to exercise judgment and discretion on behalf of the employer; (2) identifies himself with the interests of the corporation; and (3) holds general responsibilities relevant to the issues in the litigation."  *Wanke Cascade Distribution Ltd. v. Forbo Flooring, Inc.*, 3:13-CV-768-AC, 2017 WL 2403039, at *1 (D. Or. May 4, 2017) (citing *Calderon v. Experian Info. Solutions, Inc.*, 287 F.R.D. 629, 632–33 (D. Idaho 2012)).

Based on Ms. Colin's position with the company and in reviewing her

relevant deposition testimony, it seems she is a managing agent and thus this motion is **GRANTED.**  Ms. Colin manages the employees in within the finance group and may make discretionary changes to the group's process.  ECF No. 64-1 at 3.  She currently holds the position of Finance Manager, and thus is presumptively still aligned with the company.  *Id.*  And her deposition testimony details her work with L&I Claims from an accounting standpoint, which is relevant to the issues presented in the litigation.  *Id.* at 5.  However, Ms. Colin appears on Plaintiff's witness list and will likely testify in person.  As such, the Court will entertain other objections to the use of the deposition testimony at trial, such as those related to its cumulative nature.  ECF No. 54 at 4.

12. <u>Bar Irrelevant and Prejudicial Personal Comments About Counsel.</u>

As the parties agree that reference to where counsel lives and works is irrelevant, this motion is **GRANTED**.

13. <u>Permit Leading Questions on Direct and Prohibit Them on Cross for Adverse Witnesses.</u>

Plaintiff request the Court permit him to question adverse witnesses with leading questions on direct and require that Defendant conduct cross examination using non-leading questions.  ECF No. 55 at 11–12.  Specifically, Plaintiff seeks to treat Vince Johnston and Anna Colin as adverse.  *Id.* at 12.  Under Federal Rule of Evidence 611(c)(2), leading questions may be asked "when a party calls a hostile

1   witness, an adverse party, or a witness identified with an adverse party."  Vince

2   Johnston and Anna Colin are identifiable adverse parties, and thus this motion is

3   **GRANTED**.  Plaintiff's counsel shall announce at the beginning of the exam that

4   they are engaging in a Rule 611(c) line of questioning.  Defendant shall ask non-

5   leading questions on cross exam.

6           14. Limit Cross-Examination to the Scope of Direct.

7           Finally, Plaintiff requests that the Court limit the scope of Defendant's cross

8   examination to what was discussed on direct pursuant to Federal Rule of Evidence

9   611(b).  ECF No. 55 at 12.  Defendant objects, arguing that due to the distance

10   required for some witnesses to travel, it would be more efficient to permit a wider

11   scope of cross.  ECF No. 69 at 6.  It appears the parties have reached a mutually

12   agreeable solution, as Plaintiff permits that, outside of Vince Johnston, witnesses

13   who appear on Defendant's list who are called during his case-in-chief may be

14   questioned beyond the scope of direct exam during cross exam.  ECF No. 77 at 8.

15   As such, the motion is **GRANTED in part**.

16   **B. Defendant's Motions *in Limine* (ECF No. 56)**

17          1. Prohibit Reference to Defendant's Insurance Coverage.

18           Defendant requests the Court prohibit mention of its insurance coverage

19   pursuant to Federal Rule of Evidence 411.  ECF No. 56 at 2.  As Plaintiff does not

20   object, this motion is **GRANTED**.

1      2. <u>Exclude Evidence of Settlement Negotiations.</u>

2      Defendant seeks to exclude discussion of potential settlement agreements

3  pursuant to Federal Rule of Evidence 408.  ECF No. 56 at 3.  As Plaintiff does not

4  object, this motion is **GRANTED**.

5      3. <u>Exclude Testimony by Plaintiff Regarding Emotional Distress, including</u>

6         <u>that which may have Derived from this Litigation.</u>

7      Defendant seeks to bar Plaintiff from introducing evidence that he

8  experienced emotional distress that has amount to a diagnosis by a medical

9  provider.  ECF No. 56 at 3–4.  Specifically, Defendant argues that Plaintiff should

10 not be able to offer testimony "beyond the mere garden variety," emotional

11 distress, as he has presented no treating or expert witness supporting any objective

12 symptomology.  *Id.*  However, under the Washington Law Against Discrimination,

13 a plaintiff is only required to show "proof of actual anguish or emotional distress,"

14 in order to recover damages, and notably does not need to present expert

15 testimony.  *Stewart v. Snohomish Cnty. PUD No. 1*, 262 F. Supp. 3d 1089, 1111

16 (W.D. Wash. 2017) (quoting *Bunch v. King County Dep't of Youth Servs*., 155

17 Wash.2d 165, 180 (2005)).  Thus, the Court **DENIES** this motion as it is unclear

18 what specifically Defendant is seeking to bar.  Plaintiff may testify to the distress

19 he has felt since losing his job, and Defendant may object where it feels that

20 Plaintiff presents evidence beyond his own personal experience.

1    However, Plaintiff states he will not present evidence surrounding emotional

2  distress related to this litigation.  Defendant's request for a prohibition against

3  Plaintiff's introduction of emotional distress related to this litigation is therefore

4  **GRANTED.**

5        4.  Prohibit Testimony not Based Upon Personal Knowledge and Confine

6            Lay Witnesses to Non-Legal Conclusions.

7    Defendant requests that the Court direct lay witnesses to stay within the

8  parameters of Federal Rule of Evidence 701, requiring that witnesses testify only

9  to their own personal knowledge and do not offer legal conclusion through

10 statements such as something was "unreasonable," "unjustified," or "unnecessary."

11 ECF No. 56 at 5–7.  By Defendant's own admission, this is a request for a "general

12 admonishment." *Id*. at 5.  While the Court agrees with the sentiment that lay

13 witnesses should stay within the bound of Rule 701, without the benefit of

14 testimony at trial, these motions are too vague to be enforced and thus are

15 **DENIED**.  The Court will entertain specific objections to testimony at trial.  The

16 Court also notes that Defendant seeks to limit some of Plaintiff's lay witnesses as

17 duplicative under Federal Rule of Evidence 408, but provides no additional

18 information.

19        5.  Prohibit the Introduction of Undisclosed Evidence.

20    Defendant next asks that undisclosed evidence should not be included at trial

as it would amount to prejudicial surprise.  ECF No. 56 at 8.  Specifically, Defendant argues that Plaintiff should not be able to produce medical records or any testimony regarding Plaintiff's medical conditions or mental health conditions that were not submitted in response to discovery.  ECF No. 56 at 3–4, 7–8.  This motion is **GRANTED in part RESERVED in part** as more information is necessary to make a decision.  On the one hand, Plaintiff claims to be invoking his right to a health care privilege under RCW 49.60.510, which preserves the right to nonwaiver to the disclosure of medical records for a plaintiff seeking noneconomic damages.  However, there are two exceptions to the preservation of waiver:

> (a) [When a plaintiff] [a]lleges a specific diagnosed physical or psychiatric injury as a proximate result of the respondents' conduct, and relies on the records or testimony of a health care provider or expert witness to seek general damages; or
>
> (b) [When a plaintiff] [a]lleges failure to accommodate a disability or alleges discrimination on the basis of a disability

RCW 49.60.510(1)(a)–(b).

While the Court understands that Plaintiff was not terminated for an alleged inability to accommodate his depression, and therefore such medical records likely qualify for an exception to the RCW 49.60.510(b), it also seems likely that the records may be introduced to alleged "a specific diagnosed physical or psychiatric injury," caused by his termination that will be used "to seek general damages," squarely within RCW 49.60.510(a).  Therefore, the Court will rule on the nature of

1    these exhibits after the benefit of context at trial.  *See Konda v. United Airlines,*

2    *Inc.*, 2:21-CV-01320-LK, 2023 WL 2864562, at *3 (W.D. Wash. Apr. 10,

3    2023)(citing RCW 49.60.510) (finding that the privilege to health care records was

4    waived when a plaintiff sought noneconomic damages related to her medical

5    conditions which developed or worsened due to her termination).  If Plaintiff seeks

6    to introduce medical records at trial that support his medical diagnosis, he is

7    forewarned that the Court will not allow them into evidence as they should have

8    been disclosed to Defendant.

9        6.  Prohibit Reference to the Relative Financial Status of the Parties.

10       Defendant's motion to preclude the introduction of evidence related to

11   Plaintiff's financial status states only that it would "distract the jury's attention

12   from the triable issue of this case," and therefore neither party's financial status

13   should be introduced.  ECF No. 56 at 9.  While the Court does not find Plaintiff's

14   financial status overly probative, evidence of financial hardship may go to

15   Plaintiff's "suffering, inconvenience, mental anguish, loss of enjoyment of life and

16   other nonpecuniary losses" pursuant to 42 U.S.C. § 1981a(b)(3), and has been

17   contemplated as a measure of noneconomic damages in WLAD cases, *Bunch*, 155

18   Wn.2d at 180 ("[The plaintiff] now works for significantly less pay with minimal

19   benefits.").  Thus, while the Court does not anticipate that a deep dive into

20   Plaintiff's finances will be warranted at trial, a brief discussion on the impacts to

1  Plaintiff's life as a result of parting ways with Defendant is more probative than

2  prejudicial under Federal Rule of Evidence 403, and therefore this motion is

3  **DENIED**.  Defendant does not offer an explanation as to why a discussion of its

4  finances is inappropriate, and thus the Court does not consider it now.  Defendant

5  may object to the introduction of such evidence at trial.

6       7.  <u>Prohibit Reference to the Expense of Litigation.</u>

7       Defendant seeks to bar any discussion surrounding the cost of the litigation

8  as irrelevant and prejudicial under Federal Rules of Evidence 401 and 403.  ECF

9  No. 56 at 9.  As Defendant agrees, this motion is **GRANTED**.  Neither party is

10  permitted to discuss the cost associated with bringing and maintaining this lawsuit.

11       8.  <u>Prohibit Reference to the Golden Rule or Asking Jurors to Place</u>

12         <u>Themselves in Plaintiff's Shoes.</u>

13       Defendant requests that parties refrain from making a "golden rule"

14  argument or from asking the jury to "place themselves in the shoes" of Plaintiff.

15  ECF No. 56 at 9–10.  A lawyer or witness invokes the Golden Rule argument when

16  he or she asks the jury to place themselves in the position of a party and asks them

17  to render a verdict that the jurors would want if they were in that party's position.

18  *Minato v. Scenic Airlines, Inc.*, 908 F.2d 977 (9th Cir. 1990).  Plaintiff has agreed

19  to not make such an argument, and thus this motion is **GRANTED** and applies to

20  both parties.

ORDER RE: MOTIONS *IN LIMINE* & OBJECTIONS ~ 15

9.   Exclude Reference to Other Claims or Lawsuits Against Defendant.

Defendant seeks to prohibit discussion surrounding other lawsuits it may be involved in.  ECF No. 56 at 10.  As Plaintiff has no objection, this motion is **GRANTED**.

10. Exclude All Non-party Witnesses from the Courtroom During the Course of Trial.

This motion was **GRANTED** above at Plaintiff's Motion *in Limine* 9.

11. Require that Parties give at least a 24-Hour Notice for Witnesses, Depositions, and Exhibits to be Called or Used at Trial.

Defendant request that the Court require 24-Hour notice prior to the presentation of all witnesses or exhibits at trial.  ECF No. 56 at 11.  This motion is **DENIED**.  The Court relies on the instructions as set forth in its pretrial letter, requiring the parties to "disclose to the Court and opposing counsel the list of witnesses they intend to call to the witness stand the next trial day," and reminds counsel that parties must have witnesses ready to testify with no lag as no recess will be granted due to lack of witness availability.  Requiring 24-hour notice with respect to exhibits is impractical, and the Court trusts that parties will review the respective final exhibit list from either side ahead of trial.

//

12. Require that all Witnesses be made Aware of the Court's Rulings on the

Motions *in Limine* before Trial.

Defendant requests that the Court order the parties to inform witnesses of potential *in limine* Orders that may apply to him or her.  ECF No. 56 at 11. Plaintiff does not object.  As such, this motion is **GRANTED**.  Counsel for both parties shall inform witnesses prior to their testimony of applicable *in limine* rules.

13. Prohibit the Discussion of these Motions *in Limine* at Trial.

Defendant request that no reference be made to these *in limine* rulings in the presence of the jury.  ECF No. 56 at 11.  The Court agrees that open discussion of this Order is likely prejudicial, and thus this motion is **GRANTED in part**. However, the Court will not prohibit reference to a specific order on a motion *in limine* as the basis for objection at trial.

14. Preclude the use of a PowerPoint or Other Similar Slide Show that Contains Argumentative, Inflammatory, Prejudicial, or an Inaccurate Representation of the Evidence during Opening Statements and Prohibit the Use of any Exhibit, Demonstrative Exhibit, or Audio-Visual Aid, without Prior Approval of the Court or Until Permission has been Obtained.

Defendant seeks to limit the content included on information on power points or other similar slides to non-argumentative, inflammatory, or prejudicial content, and likewise requests that the Court require prior permission before any

exhibit be seen by the jury.  ECF No. 56 at 12–13.  The Court finds that

Defendant's request to limit the content of possible opening or closing statement

by use of demonstrative exhibits is better solved by enforcing its request to gain

prior permission before publishing to the jury.  Thus, these motions are

respectively **DENIED** and **GRANTED**.  The parties shall produce for each other,

and if necessary for the Court, any presentation that may be used in opening and

closing and attempt to work together to find solutions to issues surrounding the

language used.  If necessary, the Court will entertain specific objections outside the

presence of the jury.  Regarding the use of demonstrative exhibits, the Court notes

its finding with Defendant's Objections to Plaintiff's Witness and Exhibit List

below.

    15. Prohibit Reference to the Discovery Process or Motions Practice.

    Defendant seeks to exclude discussion of discovery disputes as prejudicial

under Federal Rules of Evidence 401 and 403.  ECF No. 56 at 13.  As Plaintiff

agrees, this motion is **GRANTED**.  Both parties are to refrain from mention of the

discovery process as irrelevant.

    16. Prohibit the Introduction of Facts Regarding Any Unpaid Wages,

        including those Offered by Plaintiff's Expert Economist, Erick West.

    Finally, Defendant seeks to exclude discussion of failure to pay Plaintiff

overtime compensation, including through his expert economist, Erik West.  ECF

ORDER RE: MOTIONS *IN LIMINE* & OBJECTIONS ~ 18

No. 56 at 15.  Defendant argues that it would be improper to include such argument at trial because it does not appear in Plaintiff's Complaint.  *Id*.  Plaintiff states that he will not seek compensation for unpaid wages, benefits, or overtime, and his expert will not make comments regarding overtime at trial.  ECF No. 71 at 19.  As such this motion is **GRANTED**.

## C. Defendant's Objections to Plaintiff's Witness and Exhibit List (ECF No. 59 and ECF No. 86).

Defendant objects to the testimony of Tom Radich, Leonora Kniffen, Jeanette Peterson, Richard Kniffen, Steve Chervinskas, Brad Behrens, Jennifer Leonhardt, and Alison West, and has lodged numerous objections to Plaintiff's exhibits.  Plaintiff has responded, withdrawing a number of exhibits and further amending his witness and exhibit list.  ECF Nos. 67 and 73.  Specifically, Plaintiff has withdrawn Exhibits 014, 016, 017, 018, 019, 032, 038, 040, 056, 066, 067, 069, 070, 071, 072, 090.  ECF No. 67.  Additionally, many of the issues discussed by Defendant have been resolved either in this Order or in the Court's Order on Defendant's Motion for Summary Judgment and Daubert Motion (ECF No. 74). The Court will address any additional objections below.

1. Objection to Tom Radich, Brad Behrens, Jennifer Leonhardt, and Steve Chervinskas

Defendant seeks the exclusion of Tom Radich, Brad Behrens, Jennifer

Leonhardt, and Steve Chervinskas on the grounds that they would be providing

hearsay testimony under Federal Rule of Evidence 801 and duplicative of one

another.  ECF No. 59 at 2, 4, 5.  This objection is **OVERRULED in part and**

**RESERVED in part**.  Rule 701 permits a witness to offer lay opinions that are

"rationally based on the witness's perception."  Fed. R. Evid. 701(a); *see also* Fed.

R. Evid. 602 (requiring a lay witness to have "personal knowledge of the matter"

testified to unless it is expert testimony).  The opinions must also be "helpful" to

the jury in "clearly understanding the witness's testimony" or "determining a fact

in issue."  Fed. R. Evid 701(b).  And they must be based on the witness's personal

knowledge or experience, rather than the "specialized" knowledge of an expert.

Fed. R. Evid. 701(c).

Mr. Radich was a union shop steward and Plaintiff's coworker, offered to

provide testimony on his observation of Plaintiff's job performance, what

accommodations Defendant could have provided him, and other jobs Plaintiff was

qualified for that Defendant could have offered him.  ECF No. 59 at 2.  Mr.

Chervinskas will offer testimony on Plaintiff's emotional state after he was

terminated.  *Id*. at 4.  Mr. Behrens was Plaintiff's coworker and will be offered to

provide testimony on what he observed in connection to Plaintiff's termination.  *Id*.

And Ms. Leonhardt will be offered to provide testimony from what she observed

as Plaintiff's coworker with respect to his injuries and accommodations.  *Id*. at 5.

With respect to the cumulative nature of this testimony, it seems likely that each of these lay witnesses made unique observations, and thus their exclusion under Rule 403 is overruled for now, but Defendant may lodge the objection at trial. Additionally, based on the descriptions for each witness provided, there appears to be no heightened risk of hearsay under Rule 801, but Defendant should object to hearsay statements at trial.

The Court does have two discrete concerns regarding these witnesses that may be taken up at trial. First, Defendant states that, while Plaintiff lists Mr. Chervinskas as a coworker, he is "unknown," to Defendant. ECF No. 67 at 6. Plaintiff should be prepared to lay proper foundation for Mr. Chervinskas's testimony on the basis that he was employed with Defendant, and the Court will not hesitate to exclude his testimony if Plaintiff is unable to do so. Second, the Court is concerned with the possibility that these witnesses, particularly Mr. Radich, may improperly swing from lay witness testimony, as to what they personally observed, and into impermissible testimony, drawing legal conclusions for the jury by discussing what they view as "reasonable." However, the scope of such testimony is unknowable until trial, and thus the Court reserves ruling on the objection. Plaintiff is instructed to refrain from asking questions which may lead to legal conclusions, and Defendant may lodge objections where appropriate.

//

2.  <u>Objection to Leonora Kniffen, Jeanette Peterson, and Richard Kniffen</u>

Defendant seeks exclusion of Leonora Kniffen, Jeanette Peterson, and Richard Kniffen, on the basis that their testimony will be cumulative, speculative, and would invite impermissible hearsay.  ECF No. 59 at 3–4.  All three witnesses are family members, offering testimony based on their personal observations of Plaintiff's emotional state surrounding his termination.  *Id.*  As above, the Court finds that objections to the cumulative nature of their testimony and any potential hearsay statements are better addressed at trial, and thus this objection is **OVERRULED**.

3.  <u>Objection to Alison West</u>

Defendant objects to Ms. West's testimony on the basis of its Daubert Motion.  ECF No. 59 at 6.  As the Court has decided the scope of Ms. West's testimony (ECF No. 74 at 27–34), this objection is **MOOT**.

4.  <u>Objection to Exhibit 004, Plaintiff's Employee Report of Injury Form</u>

Defendant objects to Plaintiff's December 16, 2018, report detailing his knee injury as irrelevant under Federal Rules of Evidence 402 and 403.  ECF No. 59 at 7.  The Court finds this document probative as evidence of an injury and demonstrative of Defendant's reporting process.  This objection is **OVERRULED**.

5.  <u>Objection to Exhibit 005, Handwritten Notes</u>

Defendant objects to the inclusion of handwritten notes composed by Vince

Johnston on May 22, 2019, as irrelevant under Federal Rules of Evidence 402 and 403. ECF No. 59 at 7. Plaintiff argues that the document is relevant because it demonstrates that L&I was willing to contribute $10,000 toward tools for accommodation, rebutting Defendant's position that purchasing a valve turner was a financial hardship. ECF No. 67 at 10. The Court finds it difficult to square how this document could provide any additional information beyond what Mr. Johnston will testify to at trial, and thus this objection is **SUSTAINED in part**. The Court notes that the document may qualify as a recorded recollection under Federal Rule of Evidence 803(5) should Mr. Johnston have difficultly recalling specifics, or may be used as impeachment evidence.

      6.  <u>Objection to Exhibits 027 and 058, Emails regarding WASWD coverage</u>

      Defendant objects to two sets of emails detailing its coverage and involvement with WASWD on hearsay and authentication grounds. ECF No. 59 at 10, 13. Based on the Court's Summary Judgment Order on Plaintiff's claim for Wrongful Termination in Violation of Public Policy (ECF No. 74 at 8–11), there is no readily apparent reason these documents are relevant under Federal Rule of Evidence 403, and thus this objection is **SUSTAINED**.

      7.  <u>Objection to Exhibit 043, Email between Vince Johnston and Kallen regarding Plaintiff's preferred workers status, and 052, Email between Vince Johnston, Dale Foreman & Tyler Hotchkiss regarding Enduris</u>

1      Conversation

2          Defendant seeks to exclude two sets of emails on the basis of attorney-client

3      privilege.  ECF No. 59 at 12, 13.  Plaintiff maintains that these documents are

4      subject to the waiver agreement as set forth in ECF No. 29.  ECF No. 67 at 17, 19.

5      As such, this objection is **OVERRULED**.

6          8.  Objection to Exhibit 048, Email between Vince Johnston and Ms.

7              Corrigan regarding the 60% increase in the insurance plan.

8          Defendant objects to an email from Vince Johnston discussing Defendant's

9      insurance coverage based on relevancy.  ECF No. 59 at 12.  For the same reasons

10     as discussed in Objection 6, this objection is **SUSTAINED**.

11         9.  Objection to Exhibit 055, Email Between Trish Guadagnoli, Vince

12             Johnston, and Anna Colin regarding the District's inability to meet

13             Plaintiff's job restrictions

14         Defendant objects to an email between Vince Johnston and individuals from

15     Archbright based on impermissible hearsay pursuant to Federal Rule of Evidence

16     801.  ECF No. 59 at 13.  The email depicts Mr. Johnston confirming with

17     Archbright that Plaintiff had been terminated due to an inability to accommodate

18     him.  ECF No. 60-1.  The Court agrees with Plaintiff that this email is likely

19     admissible under Federal Rule of Evidence 801(d)(2)(D) as offered against a party

20     opponent and "was made by the party's agent or employee on a matter within the

1  scope of that relationship while it existed." ECF No. 67 at 20. Thus, this objection

2  is **OVERRULED**.

3        10.  Objection to Exhibit 059, EEOC Notice of Charge of Discrimination to

4              Defendant

5        Defendant objects to the inclusion of the EEOC Notice of Charge of

6  Discrimination as irrelevant. ECF No. 59 at 13. Plaintiff has stated that this

7  exhibit will be used for impeachment purposes only. ECF No. 67 at 21. As such,

8  this objection is **MOOT**.

9        11.  Objection to Exhibit 060, Defendant's Position Statement and Exhibit

10             073, EEOC Request for Information

11       Defendant objects to two EEOC-related documents, its own position

12  statement and the EEOC's subsequent request for information, based on hearsay

13  under Federal Rule of Evidence 801. ECF No. 59 at 13, 17. Plaintiff argues that

14  both these documents are also party opponent statements covered by Federal Rule

15  of Evidence 801(d)(2). ECF No. 67 at 21. The documents are essentially

16  recitations of Defendant's perspective on the events, produced by Defendant for

17  the EEOC. ECF Nos. 60-5 and 61-2. As these statements were made by

18  Defendant falling squarely into Rule 801(d)(2), Defendant's objection with respect

19  to hearsay is **OVERRULED**. However, it seems likely that the content of these

20  documents will be discussed in large part by witnesses at trial. Thus, Defendant

1    may lodge other objections, including to the cumulative nature of these documents.

2        12. Objection to Exhibit 061, Complaint for Damages and Exhibit 063,

3            Answer

4        Defendant seeks to exclude the introduction of Plaintiff's Complaint and its

5    Answer as irrelevant and cumulative.  ECF No. 59 at 14.  The Court finds that both

6    the Complaint and Defendant's answer are likely cumulative, and likely not the

7    best tools for impeachment given the expansive record before it.  While it agrees

8    that neither the Complaint nor the Answer may be submitted as evidence, it

9    **GRANTS in part and RESERVES in part** ruling on whether the Answer may be

10   used as impeachment given the lack of context before trial.  *See Wright v. State*

11   *Farm Fire & Cas. Co.*, 2:23-CV-179, 2025 WL 794404, at *3 (W.D. Wash. Mar.

12   12, 2025).  The Court cannot conceive of a scenario in which Plaintiff would need

13   to impeach himself using his own Complaint.  However, out of an abundance of

14   caution, will reserve ruling on the necessity of Defendant's Answer as

15   impeachment evidence until the issue arises at trial.

16       13. Objection to Exhibit 062, L&I Workers' Compensation System Brochure

17       Defendant objects to the introduction of a brochure from the L&I detailing a

18   breakdown of various statistics based on Washington State's worker's

19   compensation demographic on the basis of relevancy and hearsay.  ECF No. 59 at

20   14.  The Court **RESERVES** ruling on this objection without the benefit of greater

context at trial, but does not find this exhibit to be altogether probative under Federal Rule of Evidence 403. Moreover, the Court has authenticity concerns under Federal Rule of Evidence 901.

       14. <u>Objection to Exhibit 064, Financial Statements Audit Report</u>

       Defendant seeks to exclude an exhibit detailing Defendant's Audit report on relevancy grounds. ECF No. 59 at 14. Without more specificity regarding why the report detailing Defendant's finances is irrelevant this objection is **OVERRULED**.

       15. <u>Objection to Exhibit 065, Defendant's Response to Plaintiff's First Set of</u>            <u>Interrogatories and Requests for Production</u>

       Defendant objects to the introduction of its answer to Plaintiff's interrogatories and requests for production on relevancy grounds. ECF No. 59 at 14. Plaintiff stated that he will only seek to use this exhibit for impeachment purposes, and thus this objection is **MOOT**.

       16. <u>Objection to Exhibit 068, ADA Reasonable Accommodation Checklist</u>

       Defendant objects to the introduction of an "ADA Reasonable Accommodation Checklist," as inadmissible hearsay. ECF No. 59 at 16. Plaintiff counters that the document is "widely available online to anyone interested," and that it will be introduced by expert Alison West who retrieved the sheet from the Society of Human Resource Management. ECF No. 67 at 26. There is no information currently before the Court that this sheet comes from any official or

governing body, nor that Defendant knew about the requirements or was in any way required to follow them.  On balance, the prejudicial value of the exhibit seems to outweigh its probative effect under Rule 403.  While the Court is highly skeptical of this exhibit, nevertheless it will **RESERVE** ruling until it becomes relevant at trial to allow Plaintiff the ability to attempt to lay foundation for the sheet.

### 17.  Objection to Exhibit 091, Video footage of Plaintiff's Worksite

Defendant seeks to exclude video footage of Plaintiff walking through workplace locations and performing tasks he completed in his work as irrelevant and unauthenticated.  ECF No. 59 at 19.  Plaintiff offers that he can authenticate the footage.  ECF No. 67 at 29.  As the Court finds a depiction of Plaintiff's worksite probative, this objection is **OVERRULED**.  However, the Court encourages Plaintiff to consider whether playing the entire 11-minute video in its entirety is necessary.

### 18. Objections to Illustrative Aids

Finally, Defendant seeks to exclude Exhibits 200–232, items which Plaintiff has noted as demonstrative.  ECF No. 59 at 22–24.  Under Federal Rule of Evidence 107, a trial court "may allow a party to present an illustrative aid to help the trier of fact understand the evidence or argument if the aid's utility in assisting comprehension is not substantially outweighed by the danger of unfair prejudice,

confusing the issues, misleading the jury, undue delay, or wasting time." Fed. R.

Evid. Rule 107(a). An illustrative aid is not evidence and therefore may not be

provided to the jury during their deliberations. Fed. R. Evid. Rule 107(b).

"Barring exclusion, opposing counsel may address any inaccuracies with the

demonstrative through cross-examination." *Duncan v. Bonta*, 133 F.4th 852, 888

(9th Cir. 2025) (en banc) (Berzon, J., concurring).

These objections are **OVERRULED in part, RESERVED in part, and**

**SUSTAINED in part**. Exhibits 200–208, photographs of Plaintiff and his family,

while not altogether relevant, are permissible as illustrative aids and the Court will

not exclude them. Likewise, though the Court shares Defendant's concerns

regarding the origins of Exhibits 214 and 215, slides depicting the interactive

process in a workplace, it finds that cross examination is the best way to address

these concerns. ECF No. 59 at 22.

The Court has concerns regarding the remaining illustrative aids as they

present a danger of misleading the jury or causing undue prejudice. Exhibits 209-

213 depict what appear to be photographs of sites at the water district. ECF No.

62. When potentially offered alongside photographs that will be admitted into

evidence, Plaintiff risks confusing the jury by depicting photographs that are not

subject to authentication and will not be used during deliberation. Similarly,

Exhibits 216–219 are photographs of unauthenticated tools that may or may not be

the actual tools at issue in this case.  The same sentiment is shared with regard to illustrations depicted in 223–229, as the Court is provided no information regarding whether they are an accurate representation of how Plaintiff would have done his job.  The Court instructs the parties to work toward a mutually agreeable solution to these exhibits before trial, and likewise will instruct Plaintiff to seek a ruling from the Court on all illustrative aids still objected to by Defendant before presenting them to the jury.

The Court will require that Plaintiff make Exhibits 234–235 (previously marked as Exhibits 219–220), available for inspection for Defendant, and if necessary for the Court, before providing them as an illustrative aid for the jury. Moreover, the Court will require a foundation for the authenticity of such exhibits prior to their introduction before the jury.

Finally, the Court finds the videos offered as Exhibit 230–232 to be entirely irrelevant and therefore a waste of time pursuant to Federal Rule of Evidence 107, and are **excluded**.

**D. Parties Respective Objections to Deposition Designations (ECF Nos. 64 and 66)**

Both parties lodge a number of objections to the other side's deposition designations.  The Court notes that many concerns are either moot given the grant of Partial Summary Judgment or dealt with herein.  The Court will deal with

objections to deposition testimony, should they arise, on a case-by-case basis at trial.

However, the Court notes that Plaintiff indicates he may read or offer deposition excerpts during his opening statement. While the Court has found that Anna Colin is a managing agent pursuant to Federal Rule of Civil Procedure 32(a)(3), and both Defendant and E.H. Wachs' Rule 30(b)(6) deposition testimony has been offered, the use of deposition testimony during opening statements is improper. The purpose of an opening statement is to provide a roadmap for the evidence to be presented so that jurors can understand what will take place over the course of trial and to orient anticipated evidence and testimony. *See United States v. Dinitz*, 424 U.S. 600, 612 (1976) (Burger, J., concurring); *see also State v. Campbell*, 103 Wn.2d 1, 15 (1984) (internal citations omitted) (finding that an opening statement must be confined to a statement of the issues and an outline of the anticipated material evidence that the advocate has a good faith belief will be produced at trial). Presenting the jury with passages or a video recording of deposition testimony during his opening statement is improper and will not be allowed. Plaintiff may talk about what evidence he hopes to introduce during trial, and provide an outline for his argument, but the Court will not permit the wholesale presentation of deposition testimony or recording prior to Plaintiff's case in chief.

**E.  Plaintiff's Motion on Trial Procedure (ECF No. 65).**

Finally, Plaintiff submits several discrete items for review regarding trial procedure.  ECF No. 65.  Most of these issues were addressed in the Court's Letter to Counsel on July 2, 2025.  ECF No. 85.  With respect to Plaintiff's supplemental juror questionnaire, the Court finds no question too sensitive to ask during the voir dire process, and thus this request is **DENIED**.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motions *in Limine* (ECF No. 55) are **GRANTED in part, DENIED in part, and RESERVED in part**.

2.  Defendant's Motions *in Limine* (ECF No. 56) are **GRANTED in part, DENIED in part, and RESERVED in part**.

3.  The parties' Stipulated Motion for Leave to File Excess Pages (ECF No. 58) is **GRANTED**.

4.  Plaintiff's Motion Regarding Pretrial Procedure (ECF No. 65) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED July 9, 2025.



THOMAS O. RICE
United States District Judge

ORDER RE: MOTIONS *IN LIMINE* & OBJECTIONS ~ 32