FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 07, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN KNIFFEN,<br><br>                Plaintiff,<br><br>v.<br><br>EAST WENATCHEE WATER DISTRICT,<br><br>                Defendant. | NO. 2:23-CV-0344-TOR<br><br>ORDER ON DEFENDANT'S MOTION FOR REMITTITUR, AMENDMENT OF THE JUDGMENT, OR IN THE ALTERNATIVE A NEW TRIAL |

BEFORE THE COURT is Defendant's Motion for Remittitur, Amendment of the Judgment, or in the Alternative a New Trial (ECF No. 125). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion for Remittitur, Amendment of the Judgment, or in the Alternative a New Trial (ECF No. 125) is GRANTED IN PART.

ORDER ON DEFENDANT'S MOTION FOR REMITTITUR, AMENDMENT OF THE JUDGMENT, OR IN THE ALTERNATIVE A NEW TRIAL ~ 1

## BACKGROUND

This case arises out of claims for wrongful discharge in violation of public policy, failure to accommodate, and disability discrimination resulting in disparate impact under the American Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12212 and Washington Law Against Discrimination ("WLAD"), RCW 49.60.010-.540. ECF No. 1 at 19-22. Defendant moved for summary judgment which resulted in the Court ordering the dismissal of Plaintiff's wrongful termination in violation of public policy claim. ECF Nos. 34; 74. This left only the state and federal claims for failure to accommodate and disability discrimination resulting in disparate impact. ECF No. 74. After a three-day jury trial, the jury awarded Plaintiff $5,000,000 in emotional harm damages. ECF No. 115.

Defendant requests the Court to remit the awarded emotional damages "to an amount no greater than one year of Plaintiff's requested number of $500,000 a year for his pain and suffering" or in the alternative a new trial. ECF No. 125 at 12. The Court provides a detailed background of the case in its previous order. ECF No. 74.

## DISCUSSION

Under the Federal Rules of Civil Procedure Rule 59, after a jury trial, the Court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1). Rule

59 does not set forth grounds for ordering a new trial, however, the Ninth Circuit Court stated the necessity that the basis is "'historically recognized.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Zhang v. Am. Gem Seafoods, Inc.,* 339 F.3d 1020, 1035 (9th Cir. 2003). "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Molski*, 481 F.3d at 729 (quoting *Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251 (1940)).

The district court has the discretion to grant a new trial. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980). The Court may not grant a new trial unless "'the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice.'" *Molski*, 481 F.3d at 729 (quoting *Passantino v. Johnson & Johnson Consumer Prods.,* 212 F.3d 493, 510 n.15 (9th Cir. 2000). To effectuate this, the district court weighs the evidence "as the court saw it" and may, despite evidence, in its own "conscientious opinion", set aside the jury's verdict if it "is contrary to the clear weight of the evidence.'" *Molski v. M.J. Cable, Inc.,* 481 F.3d at 729 (quoting *Moist Cold Refrigerator Co. v. Lou Johnson Co.*, 249 F.2d 246, 256 (9th Cir. 1957)).

Following closely to the federal rules, Washington strongly presumes the jury is correct in their verdict and views the evidence in the light to the non-

moving party. *Bunch v. King Cnty. Dep't of Youth Servs.*, 155 Wash. 2d 165, 179, 182 (2005). Similarly, the Court will consider a new award if "it is outside the range of substantial evidence in the record, or shocks the conscience of the court, or appears to have been arrived at as the result of passion or prejudice.'" *Bunch,* 155 Wash. 2d at 179 (quoting *Bingaman v. Grays Harbor Cmty. Hosp.,* 103 Wash. 2d 831, 835 (1985)). Shocks the conscience means it is "flagrantly outrageous and extravagant." *Bunch*, 155 Wash. 2d at 179 (quoting *Bingaman,* 103 Wash.2d at 836–37). "Passion and prejudice must be 'unmistakable' before they affect the jury's award." *Bunch*, 155 Wash. 2d at 179 (quoting *Bingaman,* 103 Wash. 2d at 836); RCW 4.76.030.

A remittitur may be appropriate to reduce an award when there is not an indication that the finding of liability was influenced by passion and prejudice. *Snyder v. Freight, Const., Gen. Drivers, Warehousemen & Helpers, Loc. No. 287*, 175 F.3d 680, 689 (9th Cir. 1999), *amended*, (9th Cir. June 3, 1999). In other words, a remittitur is appropriate to correct an excessive award. *Bell v. Williams*, 108 F.4th 809, 831 (9th Cir. 2024). Determining the remittitur amount is the duty of the district court. *Bell*, 108 F.4th at 835. "Previously, the courts have set the remittitur amount where objective evidence clearly identified the correct damages amount." *Id.* Typically, the Court will provide the plaintiff with an option of remittitur or new trial. *Id.* at 831.

ORDER ON DEFENDANT'S MOTION FOR REMITTITUR, AMENDMENT OF THE JUDGMENT, OR IN THE ALTERNATIVE A NEW TRIAL ~ 4

I.   *Attorney Misconduct*

The Court may grant a new trial if trial "'misconduct sufficiently permeate[s] an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict.'" *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1192 (9th Cir. 2002) (quoting *Kehr v. Smith Barney,* 736 F.2d 1283, 1286 (9th Cir. 1994)) (negative treatment on other grounds).  However, this remedy is not applied lightly and is only applied in extreme cases. *Hemmings*, 285 F.3d at 1193–94.  The burden of proof is on the proponent to prove prejudice from the alleged attorney misconduct. *Id.* at 1193.  The Court considers the totality of the circumstances. *Hemmings*, 285 F.3d at 1193 (citation omitted).

Defendant argues that comments referring to accountability, "to stand up as the conscience of the community" inflamed the jury and they returned a punitive damages award with the compensatory emotional distress damages award.  ECF No. 125 at 10.  Essentially, Plaintiff's counsel's statements improperly influenced the jury, resulting in an impermissible award of punitive damages driven by passion or prejudice. *Id.*  Defendant continues that every award has its upper limit. ECF No. 125 at 9.

As both sides have noted, these types of arguments are not permitted.  ECF Nos. 125 at 10; 136 at 11.  While these comments may be inappropriate, it is unlikely that they resulted in prejudice.  Courts have considered the frequency,

1  nature, and context of the comments. *Hemmings,* 285 F.3d at 1193. Here, the few
2  comments were infrequent and suggested that the jury should hold Defendant
3  accountable for their alleged wrongdoing. ECF No. 120 at 589, 602. The
4  comments did not rise to the level of likely causing the jury to decide based on
5  prejudice or passion.

6       In *Hemmings*, defendant complained of comments from plaintiffs' counsel
7  during closing arguments, similarly to the present case, but it was only a short
8  comment. *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193–94 (9th Cir. 2002).
9  The Ninth Circuit decided that the court did not abuse its discretion in denying a
10 new trial on that ground. *Id.* at 1195. The Court did not find support that the
11 misconduct was prejudicial or fundamentally unfair. *Id.* Also, there were no
12 comments that included racial overtones or inflammatory terms and stereotypes.
13 *Hemmings*, 285 F.3d at 1193–94 (citing *Bird v. Glacier Electric Coop. Inc.*, 255
14 F.3d 1136, 1148 (9th Cir. 2009). Again, this is used in extreme cases, which is not
15 the case here. As a result, Defendant has not met their burden to show prejudice
16 resulting from Plaintiff's Counsel's comments.

17     II.    *Excessive Damages Award*

18      Federal procedure applies to cases proceeding in federal court. *Gasperini v.*
19 *Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996). Whether the damage
20 determination applies federal or state law is dependent on whether the claim is

under federal or state law. *Id.* Here, we have state law and federal law claims, so the excessive determination will use both. *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 278–79 (1989) (stating state law applies when it provides the cause of action such as factors to determine award amount, however, federal law "will control on those issues involving the proper review of the jury award by a federal [court]").

When a question of excessive damages is at issue, the Court must view the evidence in the light most favorable to the prevailing party. *Seymour v. Summa Vista Cinema, Inc.*, 809 F.2d 1385, 1387 (9th Cir.), *amended*, 817 F.2d 609 (9th Cir. 1987) (citations omitted). Typically, the Court will not disrupt the jury's damages award unless the amount is "'grossly excessive or monstrous.'" *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1040 (9th Cir. 2003). On that note, damage awards can be excessive so, "'[t]here 'must be an upper limit' to every damages award." *Bell v. Williams*, 108 F.4th 809, 831 (9th Cir. 2024) (quoting *Gasperini*, 518 U.S. at 435, (1996)).

To determine whether an award is grossly excessive takes a two-step approach. *Bell v. Williams*, 108 F.4th 809, 832 (9th Cir. 2024). First, the Court must examine the trial evidence, as awards for emotional distress and similar damages must be supported by the facts. *Id.* These facts do not need to be supported with objective evidentiary support to uphold an emotional damages award. *Passantino v. Johnson*

ORDER ON DEFENDANT'S MOTION FOR REMITTITUR, AMENDMENT OF THE JUDGMENT, OR IN THE ALTERNATIVE A NEW TRIAL ~ 7

    *& Johnson Consumer Prods., Inc.*, 212 F.3d 493, 513 (9th Cir. 2000); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1029 (9th Cir. 2008) (stating a plaintiff's testimony alone can provide evidentiary support for a jury's award of emotional distress damages). However, the Ninth Circuit recognized that "exceptional damages awards require substantial evidence, whether it comes in the form of detailed testimony or other supporting documentation." *Bell v. Williams*, 108 F.4th 809, 834 (9th Cir. 2024). The substantial evidence test is a "'a case-by-case analysis requiring review of the whole record'" to find "'more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyung Park v. Holder*, 572 F.3d 619, 624 (9th Cir. 2009) (quoting *Turcios v. INS,* 821 F.2d 1396, 1398 (9th Cir. 1987)). In step two, the Court considers awards in comparable cases, however, with caution because of the subjective and complex nature of limiting emotional damages to numbers. *Bell v. Williams*, 108 F.4th 809, 832 (9th Cir. 2024). However, if the evidence supports the award, then step two is unnecessary. *Bell,* 108 F.4th at 832.

    Washington also uses the sufficient evidence test to support the verdict. *Bunch v. King Cnty. Dep't of Youth Servs.*, 155 Wash. 2d 165, 179 (2005). Washington clarifies this is present when the evidence "would convince 'an unprejudiced, thinking mind.'" *Id.*

    Defendant argues the verdict was grossly excessive and unsupported with

evidence and the verdict is incomparable to other similar cases. ECF No. 125 at 5-12. Defendant continues that the emotional damages award is not supported by sufficient evidence. ECF No. 125 at 6. Furthermore, Defendant states that a Plaintiff should not be put in a better position than the Defendant. ECF No. 125 at 5-9. Plaintiff responds that the emotional damages award was not excessive and supported by the testimonies of the witnesses proving lasting emotional damage. ECF No. 136 at 4-5. Defendant contends that this award is massively larger than awards in similar cases. ECF No. 125 at 11.

First, the Court determines if there is sufficient evidence to support the award. Three witnesses testified to Plaintiff's emotional distress. ECF Nos. 119 at 101, 108; 120 at 15. Plaintiff's mother testified that he was "really hurt", "he became withdrawn" and "wasn't himself." ECF No. 119 at 111. Additionally, she stated "he always has a scowl on his face, and he was always letting out big sighs, and he would sit and just stare out the window." ECF No. 119 at 113. Plaintiff's brother claimed Plaintiff was "very down, depressed, angry, not as bubbly" and he had "shame" around the termination. ECF Nos. 119 at 104, 106. Plaintiff's friend testified Plaintiff became "depressed and worried about his future" and how this termination became "very, very stressful for him." ECF No. 120 at 20. Plaintiff expressed his worries about his family including his daughter who "feels a sense of abandonment. ECF No. 199 at 185. Plaintiff expressed concern of being "three

hours away" from family and losing "moments in time" including his inability to fish. ECF No. 199 at 186. Plaintiff claimed he was hurt from being fired from people he considered family and stated it hurt worse than his divorce. ECF No. 199 at 185, 174-75.

Plaintiff did not provide detailed testimonies or documentation to show physical or emotional impact. *Bell,* 108 F.4th at 834 (requiring detailed testimony or other documentation for high emotional distress awards). Similarly, in *Bell*, the Court found that an award of half a million required "much more evidence of pain and/or greater emotional anguish to be sustainable." *Bell,* 108 F.4th at 834. Here, the witnesses testify to their own observations, thoughts, and feelings but none of this provides evidence of emotional or physical impacts and what little evidence was provided does not rise to the level of emotional distress. None of these testimonies show "lasting physical or emotional damage" or suffering "long term consequences." *Bell*, 108 F.4th at 834. In other words, the evidence does not substantiate the award.

Additionally, emotional distress damages are compensatory, to redress a loss, but here, there is a lack of evidence to show a loss at all to compensate Plaintiff. *Bell v. Williams*, 108 F.4th 809, 833 (9th Cir. 2024) (emotional distress awards are a type of compensatory damage); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 408 (2003). Furthermore, as a result, the evidence

ORDER ON DEFENDANT'S MOTION FOR REMITTITUR, AMENDMENT OF THE JUDGMENT, OR IN THE ALTERNATIVE A NEW TRIAL ~ 10

presented is insufficient to uphold this award.

This is true even under Washington's standards and rules.  Under Washington law, the plaintiff's testimony must be "'reasonabl[e] and sufficient[]'" to explain the emotional distress and support the award of damages.  *Tafoya v. State Hum. Rts. Comm'n*, 177 Wash. App. 216, 230, 311 P.3d 70, 78–79 (2013), *as amended* (Nov. 13, 2013) (quoting *Balistrieri,* 981 F.2d 916, 931–32) (internal quotation marks omitted).  For example, in *Tafoya*, the plaintiff testified to her fears for her and her cat's safety, that she was in therapy, and was gaining weight and could not sleep.  *Id.* at 231.  Here, the testimonies are lacking details or evidence beyond personal observations and therefore, do not sufficiently explain the emotional distress of Plaintiff.  What was not shown was how these feelings affected him and the impact they had.  Even more, his family's feelings and their effect on his own family does not result in emotional distress to award damages.  The evidence is insufficient to uphold this award because the testimonies are not detailed enough to provide such a high award for emotional distress damages.

Step two requires the Court to compare other similar cases to determine if this award is outrageous.  Other cases do not come near the amount awarded in this case.  *Lovell v. Chandler*, 303 F.3d 1039, 1047 (2002) (awarding plaintiffs $10,192.22 and $1,053.21, respectively for compensatory damages for unlawful discrimination under the ADA); *Goldstine v. FedEx Freight Inc.*, No. C18-1164

ORDER ON DEFENDANT'S MOTION FOR REMITTITUR, AMENDMENT OF THE JUDGMENT, OR IN THE ALTERNATIVE A NEW TRIAL ~ 11

MJP, 2021 WL 952354, at *1 (W.D. Wash. Mar. 11, 2021) (emotional distress award of $1,750,000 for WLAD and ADA disability discrimination claim where plaintiff faced a cancer diagnosis after termination and was concerned about payment for care without insurance); *Carlson v. City of Spokane*, No. 13-CV-0320-TOR, 2015 WL 11112412, at *2 (E.D. Wash. Jan. 28, 2015) (jury awarded $4,000 in emotional distress damages for discrimination violations of the ADA and WLAD). The only award that comes remotely comparable to the award here is in *Goldstine*, where plaintiff was facing cancer and attempting to treat it without insurance or wages. *Goldstine v. FedEx Freight Inc.*, No. C18-1164 MJP, 2021 WL 952354, at *1 (W.D. Wash. Mar. 11, 2021). Even then, the emotional distress damages did not even raise to half of the amount of this award.

Comparing additional cases under WLAD, this award still vastly outweighs comparable cases, or any cases under this type of claim for emotional distress damages. *Martini v. Boeing Co.*, 137 Wash. 2d 357, 362 (1999) (jury awarded the plaintiff pain, suffering, and emotional distress damages of $75,000); *Stewart v. Snohomish Cnty. PUD No. 1*, 262 F. Supp. 3d 1089, 1113 (W.D. Wash. 2017), *aff'd sub nom. Stewart v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 752 F. App'x 444 (9th Cir. 2018) (the court awarded $10,000 in emotional damages on disability discrimination WLAD claims); *Goldstine v. FedEx Freight Inc.*, No. C18-1164 MJP, 2021 WL 952354, at *1 (W.D. Wash. Mar. 11, 2021). The awards of similar

cases under Washington and federal law are drastically lower than the case here. Accordingly, this award is excessive and outrageous.

Plaintiff's use *Bunch* to support their claim of substantial evidence. ECF No. 136 at 4. However, this case is different. In *Bunch*, the evidence included discrimination for over six years, including multiple accounts of disciplinary actions for petty offenses that others did not receive. *Bunch v. King Cnty. Dep't of Youth Servs.*, 155 Wash. 2d 165, 180 (2005). Bunch faced harassment, less pay and minimal benefits and had to explain to his family that he was fired because other inmates testified that he showed them an R-rated video. *Id.* at 169. Even more, the Washington Supreme Court still deemed this evidence as "limited" while upholding part of the award. *Id.* Here, Plaintiff did not face harassment or discrimination for years of outright disparate disciplinary treatment. These cases are vastly different.

Additionally, Plaintiff argues that this verdict aligns with modern employment discrimination verdicts and evolution of "society's understanding of injury" but does not support this with any closely similar case. ECF No. 136 at 8. Even then, one of the closest cases still does not come to even half of the present case's award. Furthermore, Plaintiff's argument that Washington law bars caps on damage is irrelevant because requiring sufficient evidence to uphold an award is not a cap on damages. ECF No. 136 at 3. Additionally, the claims at issue are

ORDER ON DEFENDANT'S MOTION FOR REMITTITUR, AMENDMENT OF THE JUDGMENT, OR IN THE ALTERNATIVE A NEW TRIAL ~ 13

under state law and federal law.

As was previously discussed, there is a lack of sufficient evidence to support this award of emotional distress. The testimonies do not show emotional distress beyond personal observations and general feelings. It is unclear whether any evidence supports the award, or where such support might exist. For these same reasons, a remittitur is inappropriate because the issue lies with determining where the evidence clearly identifies the damage amount.

As a result, there is not sufficient evidence to support this award of emotional distress. This insufficiency of evidence to support the emotional distress awards leads the Court to consider whether there is sufficient evidence for the claims.

III. *Judgment as a Matter of Law*

Under Rule 50(b)(3), the Court may "direct the entry of judgment as a matter of law" "'only if there is no legally sufficient basis for a reasonable jury to find for that party on that issue.'" *Morris v. W. Hayden Ests. First Addition Homeowners Ass'n, Inc.*, 104 F.4th 1128, 1139 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1127, 220 L. Ed. 2d 423 (2025) (internal quotation marks and citations omitted); FED. R. CIV. P. 50(b)(3). However, "[a] jury's verdict must be upheld if it is supported by substantial evidence that is adequate to support the jury's findings, even if contrary

findings are also possible." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1242–43 (9th Cir. 2014) (citation omitted).

Under the ADA and WLAD, an employer must not discriminate against an employee based on a disability. 42 U.S.C. § 12112(a); RCW 60.180(3). "To prevail on [his] discrimination claims under both the ADA and WLAD, the Plaintiff is required to establish: (1) that [he] was disabled under the ADA and WLAD; '(2) that [he] was a qualified individual with a disability; and (3) that [he] was discriminated against by [his] employer because of that disability.'" *Poe v. Waste Connections US, Inc.*, 371 F. Supp. 3d 901, 909 (W.D. Wash. 2019) (citing *Dunlap v. Liberty Nat. Products, Inc.*, 878 F.3d 794, 798–99 (9th Cir. 2017); *Mikkelsen v. Public Utility District No. 1 of Kittitas County,* 189 Wash. 2d 516, 526-527 (2017) (citations omitted). Because the WLAD looks to the federal statutes for interpretation and the similarity in the statutes, they are analyzed together unless they differ. *Poe*, 371 F. Supp. 3d at 909.

"A qualified individual with a disability is defined as 'an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Nunes v. Wal–Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999)) (internal quotations omitted).

Discrimination under the ADA and WLAD includes failure to reasonably accommodate and disparate treatment of a qualified disabled individual.  42 U.S.C. § 12112; RCW 49.60.180.  The request for an accommodation is "'an interactive process with the employee to determine the appropriate reasonable accommodation.'" *U.S. E.E.O.C. v. UPS Supply Chain Sols.*, 620 F.3d 1103, 1110 (9th Cir. 2010) (quoting *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1089 (9th Cir. 2002)).  The process must include "'(1) direct communication between the employer and employee to explore in good faith the possible accommodations; (2) consideration of the employee's request; and (3) offering an accommodation that is reasonable and effective.'"  *Id.*  However, an employer is not required to provide an accommodation that the employee prefers but only needs to provide a reasonable accommodation.  *Id.* at 1110–11.

The Court is concerned with whether under the ADA and WLAD, the Defendant was a "qualified individual" as required for all of Plaintiff's ADA and WLAD claims.  Specifically, whether Defendant could perform the essential duties of the role with reasonable accommodations or whether a reasonable accommodation was available.  The Ninth Circuit states the district court's right and duty "to prevent, in the sound discretion of the trial judge, a miscarriage of justice."  *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990).  Following, the Court may express a concern of deficiency in the evidence to the

ORDER ON DEFENDANT'S MOTION FOR REMITTITUR, AMENDMENT OF THE JUDGMENT, OR IN THE ALTERNATIVE A NEW TRIAL ~ 16

parties to provide a chance to "correct the deficit." *Murphy,* 914 F.2d at 186 (9th Cir. 1990).

In the interest of the Court's duties and justice, the Court respectfully requests the parties to file briefings within 30 days of this order, arguing whether the court should order a judgment as a matter of law. The issue is whether Plaintiff was a qualified individual, as described under the ADA and WLAD, meaning he could perform the essential duties of the job with a reasonable accommodation. Briefing on these issues should not exceed twenty (20) pages total, exclusive of attachments and supporting materials. Simultaneous briefing shall be filed within 30 days of this order.

/
/
/
/
/
/
/
/
/

**ACCORDINGLY, IT IS HEREBY ORDERED:**

   **1.** Defendant's Motion (ECF No. 125) is **GRANTED in part.**

   2. The Judgment (ECF No. 117) and Jury Verdict (ECF No. 115) award of $5,000,000 million is **VACATED.**

   **3.** The Court requests the parties to file briefs regarding a Judgment as a Matter Law within **30 days of this order,** following the guidelines under the Local Rules.

   The District Court Executive is directed to enter this Order and furnish copies to counsel.

   DATED October 7, 2025.



THOMAS O. RICE
United States District Judge

ORDER ON DEFENDANT'S MOTION FOR REMITTITUR, AMENDMENT OF THE JUDGMENT, OR IN THE ALTERNATIVE A NEW TRIAL ~ 18