FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 02, 2025

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN KNIFFEN,<br><br>                Plaintiff,<br><br>v.<br><br>EAST WENATCHEE WATER DISTRICT,<br><br>                Defendant. | NO. 2:23-CV-0344-TOR<br><br>ORDER GRANTING JUDGMENT AS A MATTER OF LAW |

BEFORE THE COURT are the Parties briefing regarding Judgment as a Matter of Law. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, sat through the trial, and is fully informed. For the reasons discussed below, Judgment as a Matter of Law is GRANTED to the Defendant.

## BACKGROUND

The parties are familiar with the case. After a three-day jury trial, the jury awarded Plaintiff $5,000,000 in emotional harm damages. That jury award was

ORDER GRANTING JUDGMENT AS A MATTER OF LAW ~ 1

not supported by the facts of the case.  The Court reincorporates its ruling at ECF No. 143.

## DISCUSSION

Under Federal Rules of Civil Procedure, Rule 50(b)(3), the Court may "direct the entry of judgment as a matter of law" "'only if there is no legally sufficient basis for a reasonable jury to find for that party on that issue.'"  *Morris v. W. Hayden Ests. First Addition Homeowners Ass'n, Inc.*, 104 F.4th 1128, 1139 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1127, 220 L. Ed. 2d 423 (2025) (internal quotation marks and citations omitted); FED. R. CIV. P. 50(b)(3).  However, "[a] jury's verdict must be upheld if it is supported by substantial evidence that is adequate to support the jury's findings, even if contrary findings are also possible."  *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1242–43 (9th Cir. 2014) (citation omitted).

Under the ADA and WLAD, an employer must not discriminate against an employee based on a disability.  42 U.S.C. § 12112(a); RCW 60.180(3).  "To prevail on [his] discrimination claims under both the ADA and WLAD, the Plaintiff is required to establish: (1) that [he] was disabled under the ADA and WLAD; '(2) that [he] was a qualified individual with a disability; and (3) that [he] was discriminated against by [his] employer because of that disability.'"  *Poe v. Waste Connections US, Inc.*, 371 F. Supp. 3d 901, 909 (W.D. Wash. 2019) (citing

*Dunlap v. Liberty Nat. Products, Inc.*, 878 F.3d 794, 798–99 (9th Cir. 2017); *Mikkelsen v. Public Utility District No. 1 of Kittitas County,* 189 Wash. 2d 516, 526-527 (2017) (citations omitted). Because the WLAD looks to the federal statutes for interpretation and the similarity in the statutes, they are analyzed together unless they differ. *Poe*, 371 F. Supp. 3d at 909.

"A qualified individual with a disability is defined as 'an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Nunes v. Wal–Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999)) (internal quotations omitted).

Discrimination under the ADA and WLAD includes failure to reasonably accommodate and disparate treatment of a qualified disabled individual. 42 U.S.C. § 12112; RCW 49.60.180. The request for an accommodation is "'an interactive process with the employee to determine the appropriate reasonable accommodation.'" *U.S. E.E.O.C. v. UPS Supply Chain Sols.*, 620 F.3d 1103, 1110 (9th Cir. 2010) (quoting *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1089 (9th Cir. 2002)). The process must include "'(1) direct communication between the employer and employee to explore in good faith the possible accommodations; (2) consideration of the employee's request; and (3) offering an accommodation that is

reasonable and effective.'" *Id.* However, an employer is not required to provide an accommodation that the employee prefers but only needs to provide a reasonable accommodation. *Id.* at 1110–11.

The Court finds that the Plaintiff was not a "qualified individual" as required for all of Plaintiff's ADA and WLAD claims. Specifically, whether Plaintiff could perform the essential duties of the role with reasonable accommodations or whether a reasonable accommodation was available. The Ninth Circuit states the district court's right and duty "to prevent, in the sound discretion of the trial judge, a miscarriage of justice." *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990). Following, the Court may express a concern of deficiency in the evidence to the parties to provide a chance to "correct the deficit." *Murphy,* 914 F.2d at 186 (9th Cir. 1990).

The Plaintiff was not a qualified individual, as described under the ADA and WLAD, meaning he could not perform the essential duties of the job with a reasonable accommodation. The Court sat through the entire trial and makes this finding.

The jury's verdict was a result of "passion and prejudice" and was not supported by the facts of the case.

/

/

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Court enters Judgment as a Matter of Law to the Defendant.

2. The Court will not award attorney fees or costs to either party.

The District Court Executive is directed to enter this Order for Defendant, **CLOSE** the case, and furnish copies to counsel.

DATED December 2, 2025.



THOMAS O. RICE
United States District Judge

ORDER GRANTING JUDGMENT AS A MATTER OF LAW ~ 5